(110 App. Div. 549.)

## BUTTNER v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. December 30, 1905.)

NEW TRIAL—GROUNDS—INADEQUACY OF VERDICT.

In an action for personal injuries, the evidence showed that plaintiff had suffered injuries of a serious character, which confined him to his bed for about two months, rendered him unable to do any work for another month, caused him much pain, and left a disfiguring scar on his scalp. There was further evidence of the rendition of physicians' services which were reasonably worth at least $300, and that plaintiff had paid $195 to get the work done which he was incapable of doing and had boarded the men who did the work. Nevertheless, the jury returned a verdict for only $500. The court, after correctly charging on the measure of damages, concluded his charge by stating, probably inadvertently, that plaintiff was entitled to what the medical services rendered were reasonably worth, and that "this perhaps represents in brief the measure of plaintiff's recovery." *Held* that, in view of the smallness of the verdict and the concluding language of the charge, a new trial would be awarded on plaintiff's motion, although there was no exception to the charge.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. New Trial, §§ 151, 152, 161.]

Appeal from Trial Term, New York County.

Action by Joseph Buttner against the city of New York. From an order denying a motion to set aside a verdict in plaintiff's favor on the ground of insufficient damages, plaintiff appeals. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, LAUGHLIN, and HOUGHTON, JJ.

Edward J. McGanney, for appellant.
Theodore Connoly, for respondent.

HOUGHTON, J. The jury by their verdict found that the plaintiff was injured by reason of the negligence of the defendant, and

without any contributory negligence on his part, and upon this appeal we must assume that those facts existed. The injuries were of a serious character, consisting of a scalp wound of considerable magnitude, which was slow in healing, and in which complications arose, and which finally left a disfiguring scar. Plaintiff was confined to his bed about two months, and was unable to do any work for a month following, meanwhile suffering much pain. The jury rendered a verdict in his favor of $500, which he moved to set aside as inadequate, and from the order denying such motion he appeals.

Notwithstanding the small verdict, we should not be disposed to interfere with it, except for the fact that the jury may have been misled by an inadvertent expression of the court at the close of his charge. The court had correctly charged the jury that the plaintiff was entitled, if they found that the defendant was negligent and the plaintiff free from contributory negligence, to a reasonable compensation for the injuries sustained to his person and for his pain and suffering, as well as for the necessary financial loss which he had sustained in consequence of his injury. In commenting, however, upon the amount which he had paid his doctor and his other financial loss, the court said:

"Therefore, you have that evidence in this case as to medical services, and you are to say what they were reasonably worth.' He [plaintiff] is entitled to what they were reasonably worth, not to exceed the amount he paid. This, perhaps, represents in brief the measure of the plaintiff's recovery, if he is entitled to recover in this case."

This was the last reference of the court to the measure of plaintiff's compensation. The plaintiff had proved that the services of his physician were reasonably worth not less than $300, and that he had paid him thereon $200, and that he had paid out, in employing men to do the work which he was incapacitated from doing while confined to his bed and house, the sum of $195, besides their board. The jury thus had before them the fact that the plaintiff had been compelled to expend or incur liability for about the sum of $500, exclusive of any compensation for his own personal injury and suffering.

It is true there was no exception to this portion of the charge. If the court's attention had been called to the precise language which he had used, no doubt he would have explained or modified it. We cannot say, however, in the face of the verdict of the jury, so small in view of the plaintiff's proof of his injuries, that they did not misapprehend the instructions of the court and confine their verdict to the simple financial loss which the plaintiff had suffered. If the plaintiff was entitled to recover at all, of course, he was entitled to recover a reasonable compensation for his pain and suffering and physical disfigurement, as well as for the financial loss which he had sustained by reason of the accident. We think justice will be best subserved, under the peculiar circumstances of this case, by the granting of a new trial, in which all of the issues involved can be presented to another jury.

The order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.